1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Renee Jewell,                     )   No. CV 11-8042-PCT-JAT
                                      )
10              Plaintiff,            )   **ORDER**
                                      )
11   vs.                              )
                                      )
12                                    )
     Countrywide Home Loans, Inc.; BAC)
13   Home Loan Servicing LP; Mortgage )
     Electronic Registration Services, Inc.;)
14   Recontrust Company, NA; Bank of New)
     York Mellon,                     )
15                                    )
                Defendants.           )
16                                    )
     _____)

17

18        "Inquiring whether the court has jurisdiction is a federal judge's first duty in every

19   case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th

20   Cir. 2003).  In this case, Plaintiff alleges jurisdiction based on "in rem" principles aNd

21   admiralty or maritime jurisdiction.  Doc. 1 at 2-3.

22        Jurisdiction under 28 U.S.C. § 1333 is admiralty jurisdiction.   "Admiralty was the

23   result of commerce on the high seas; the commerce made possible by sailing vessels.  Just

24   as vessels were the source of admiralty, they remained the focal point of admiralty

25   jurisdiction.  In very general terms, admiralty jurisdiction relates to things occurring on or

26   to vessels or as a result of the employment of vessels." *Luna v. Star of India*, 356 F.Supp.

27   59, 63 (D.C. Cal. 1973) (citing *McGuire v. City of New York*, 192 F.Supp. 866, 871

28   (S.D.N.Y. 1961)).  Therefore, because this case deals with an action on land, it does not fall

1  within this Court's admiralty jurisdiction.

2      With respect to Plaintiff's reference to "in rem" proceedings, the Supplemental Rules

3  reference in rem proceedings.  Like the Federal Rules of Civil Procedure, the Supplemental

4  Rules are procedural rules.  Typically, the Supplemental Rules apply only to maritime or

5  admiralty activities.  However, in limited circumstances, the Supplemental Rules apply to

6  actions on land.  Specifically, the Supplemental Rules apply to *in rem* actions when such

7  actions are: 1. To enforce any maritime lien , or 2. Whenever a statute of the United States

8  provides for a maritime action in rem or a proceeding analogous thereto.  Supplemental Rule

9  C(1)(a)-(b).  With respect to the second circumstance when the Supplemental Rules apply,

10  28 U.S.C. § 2461(b) provides, "Unless otherwise provided by Act of Congress, whenever a

11  forfeiture of property is prescribed as a penalty for violation of an Act of Congress and the

12  seizure takes place on the high seas or on navigable waters within the admiralty and maritime

13  jurisdiction of the United States, such forfeiture may be enforced by libel in admiralty but

14  in cases of seizures on land the forfeiture may be enforced by a proceeding by libel which

15  shall conform as near as may be to proceedings in admiralty."  Thus, when there is a civil

16  forfeiture as a result of a violation of federal law, unless Congress specifies otherwise, the

17  Supplemental Rules dictate the procedures that must be followed.  In this case, there was not

18  a seizure that resulted from a violation of federal law; therefore, the Supplemental Rules do

19  not apply.

20      Thus, Plaintiff has failed to allege a proper basis for federal subject matter jurisdiction.

21  However, on the face of the complaint, it appears the Court may have jurisdiction based on

22  diversity of citizenship.  *See* 28 U.S.C. § 1332.  However, Plaintiff has not pled sufficient

23  facts for this Court to determine whether diversity jurisdiction exists.

24      Specifically, Plaintiff must plead her own state citizenship, the citizenship of any

25  corporations (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010)), the

26  citizenship of any partnerships (*Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)),

27  and the amount in controversy (28 U.S.C. § 1332(a)(1)).  Thus,

28  / / /

1     **IT IS ORDERED** that by May 4, 2011, Plaintiff shall file an amended complaint

2  properly alleging federal subject matter jurisdiction or this case will be dismissed without

3  prejudice.

4     DATED this 6th day of April, 2011.

 

 

James A. Teilborg
United States District Judge