**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Renee Jewell, | No. CV 11-8042-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Countrywide Home Loans, Inc.; BAC Home Loan Servicing LP; Mortgage Electronic Registration Services, Inc.; Recontrust Company, NA; Bank of New York Mellon, | |
| Defendants. | |

On April 6, 2011, the Court issued the following Order:

"Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). ...
Plaintiff has failed to allege a proper basis for federal subject matter jurisdiction. However, on the face of the complaint, it appears the Court may have jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. However, Plaintiff has not pled sufficient facts for this Court to determine whether diversity jurisdiction exists.
Specifically, Plaintiff must plead her own state citizenship, the citizenship of any corporations (*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010)), the citizenship of any partnerships (*Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990)), and the amount in controversy (28 U.S.C. § 1332(a)(1)). Thus,
**IT IS ORDERED** that by May 4, 2011, Plaintiff shall file an amended complaint properly alleging federal subject matter jurisdiction or this case will be dismissed without prejudice.

Doc. 5.

On April 27, 2011, the Court issued the following Order:

> On April 19, 2011, Plaintiff filed an amended complaint and alleged diversity jurisdiction. Further, Plaintiff alleged a citizenship for all of the parties. However, Plaintiff failed to make a complete allegation with respect to BAC Home Loan Servicing LP. Because BAC Home Loan Servicing LP is a limited partnership, Plaintiff must allege the citizenship of each partner, which Plaintiff failed to do. Therefore,
> **IT IS ORDERED** that by May 20, 2011, Plaintiff shall file a supplement to her amended complaint alleging the citizenship of each member of BAC Home Loan Servicing LP, or this case will be dismissed, without prejudice, for lack of federal subject matter jurisdiction.

Doc. 6.

Plaintiff timely filed a second amended complaint. Plaintiff made two jurisdictional allegations regarding BAC Home Loan Servicing LP. First, Plaintiff stated, "Defendant BAC Home Loan Servicing, LP['s], ... address is 400 Countrywide Way SV-35, Simi Valley, Ca 93065." Doc. 8 at 2. Second, Plaintiff stated, "For diversity jurisdiction purposes, BAC Home Loans Servicing LP is a subsidiary of 'BAC' whose designated home office is in California. BAC Home Loans Servicing LP is, on information and belief, a citizen of California." Doc. 8 at 3.

In making this jurisdictional allegation, Plaintiff appears to believe that a subsidiary takes on the citizenship of its parent. The law is that the citizenship of a partnership is determined by the citizenship of its members. *Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). However, on this record, the Court cannot determine whether Plaintiff is attempting to allege that "BAC" is the sole partner in BAC Home Loans Servicing LP. Thus, the citizenship of "BAC" would be the citizenship of BAC Home Loans Servicing LP. Thus, because the record is ambiguous regarding Plaintiff's jurisdictional allegation, the Court will give Plaintiff a further opportunity to amend to allege federal subject matter jurisdiction.

On May 26, 2011, Plaintiff filed a motion for injunctive relief seeking to stop Plaintiff's eviction from property located at 1155 Aveinda De La Golandorina, Bullhead City, Arizona 86442. Plaintiff states that he has been given until April 1, 2011 to vacate the property. Doc. 9 at 3. Obviously this deadline has already passed. The Court has reviewed the motion and does not find any basis for considering the request without notice to

Defendants. Therefore, Plaintiff must give notice to Defendants and file proof with the Court of how and when notice was given before the Court will consider the merits of the request for injunctive relief.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff shall file a third amended complaint, properly alleging federal subject matter jurisdiction by June 27, 2011, or this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Court will not consider the request for injunctive relief (Doc. 9) until Plaintiff gives notice to Defendants. *See* Fed. R. Civ. Pro. 65.

DATED this 2nd day of June, 2011.

_____
James A. Teilborg
United States District Judge