**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Renee Jewell, | ) | No. CV 11-8042-PCT-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Countrywide Home Loans, Inc.; BAC | ) | |
| Home Loan Servicing LP; Mortgage | ) | |
| Electronic Registration Services, Inc.; | ) | |
| Recontrust Company, NA; Bank of New | ) | |
| York Mellon, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court is Defendants' Motion to Dismiss (Doc. 21) Plaintiff's Third Amended Complaint (the "TAC")(Doc. 11).  The Court now rules on the Motion.

## I.   BACKGROUND

On March 13, 2007, Plaintiff Renee C. Jewell borrowed $149,250 (the "Loan") from Defendant Countrywide Home Loans, Inc. ("Countrywide") to refinance a mortgage on real property located at 1155 Avienda De Lao Golandorina, Bullhead City, Arizona 86442 (the "Property").  A promissory note (the "Note") and deed of trust ("Deed of Trust") evidence the Loan.

Plaintiff defaulted on the Loan in February 2009.  (Orig. Compl., Doc. 1, Ex. F.) Defendant ReconTrust Company, N.A. ("ReconTrust"), as successor trustee, recorded a

1   Notice of Trustee Sale on August 13, 2010.  (Id. Ex. E.)  After several postponements,

2   ReconTrust foreclosed on the Property on February 11, 2011.  (TAC ¶18.)

3          On March 14, 2011, Defendant Bank of New York Mellon ("Mellon") initiated a

4   forcible entry and detainer action in Mohave County Superior Court (Case No. S-8015-CV-

5   2011-00425).[1]  Mellon obtained a judgment in that action on May 20, 2011, and the Court

6   issued a writ of restitution on June 21, 2011.  (Doc. 27.)  The writ of restitution was served

7   on June 23, 2011, and Plaintiff was evicted from the Property.  (Id.)

8          Plaintiff filed this case on March 18, 2011.  He filed several motions for temporary

9   restraining orders and motions for preliminary injunctions.  On September 27, 2011, the

10  Court denied all those motions as moot because the Property had already been sold and a

11  forcible entry and detainer judgment against Plaintiff had been entered.  Defendants filed the

12  pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 26,

13  2001.

14  **II.  LEGAL STANDARD**

15         The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two

16  reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a

17  cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

18  1990).

19         To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

20  requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and

21  plain statement of the claim showing that the pleader is entitled to relief," so that the

22  defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell*

23  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41,

24  47 (1957)).

25         Although a complaint attacked for failure to state a claim does not need detailed

26

27         [1]The Court may consider matters of public record, like judicial filings, on a motion
    to dismiss without converting the motion into a motion for summary judgment.  *Coto*
28  *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

1   factual allegations, the pleader's obligation to provide the grounds for relief requires "more

2   than labels and conclusions, and a formulaic recitation of the elements of a cause of action

3   will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations

4   of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id*.

5   Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.

6   Without some factual allegation in the complaint, it is hard to see how a claimant could

7   satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

8   'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice

9   and Procedure §1202, pp. 94, 95(3d ed. 2004)).

10          Rule 8's pleading standard demands more than "an unadorned, the-defendant-

11  unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing

12  *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions will

13  not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual

14  matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Iqbal*,

15  129 S.Ct. at 1949.  Facial plausibility exists if the pleader pleads factual content that allows

16  the court to draw the reasonable inference that the defendant is liable for the misconduct

17  alleged.  *Id*.  Plausibility does not equal "probability," but plausibility requires more than a

18  sheer possibility that a defendant has acted unlawfully.  *Id*.  "Where a complaint pleads facts

19  that are 'merely consistent' with a defendant's liability, it 'stops short of the line between

20  possibility and plausibility of entitlement to relief.'"  *Id*. (citing *Twombly*, 550 U.S. at 557).

21          In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

22  alleged in the complaint in the light most favorable to the drafter of the complaint and the

23  Court must accept all well-pleaded factual allegations as true.  *See Shwarz v. United States*,

24  234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true

25  a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286

26  (1986).

27

28

### III. ANALYSIS AND CONCLUSION

Defendants offer several reasons for dismissing the TAC: failure to state a claim for relief; failure to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9; waiver pursuant to A.R.S. §33-811(C); and the Court's previous rejection of Plaintiff's legal theories.  The Court will dismiss based on A.R.S. §33-811(C) waiver, failure to state a claim for wrongful foreclosure, and pursuant to the *Rooker-Feldman* doctrine.  The Court need not address Defendants' other arguments for dismissal.

Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

> The trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

A.R.S. §33-811(C).

Plaintiff did not even file this action until after the trustee sale had taken place.  He therefore obviously did not obtain a TRO or other injunctive relief prior to the trustee sale.

A trustor, such as Plaintiff, who receives notice of a trustee sale pursuant to A.R.S. §33-809 waives all defenses and objections to the trustee sale not raised in an action resulting in injunctive relief awarded at least one business day before the trustee sale.  Plaintiff does not dispute that he received notice of the trustee sale.  The TAC even references the first Notice of Trustee Sale.

Because Plaintiff did not receive an order enjoining the sale of the Property, he waived all claims that would have provided defenses or objections to the sale.  *Cettolin v. GMAC, et al.*, 2010 WL 3834628 *3 (D. Ariz. September 24, 2010).  All but two of Plaintiff's attempted theories of legal relief – wrongful foreclosure and problems with the forcible entry and detainer action – would have provided defenses to the sale of the Property

if viable and successful.  Plaintiff therefore waived all those theories – i.e., "show me the note," holder in due course, cannot separate the deed and the note – when he failed to obtain injunctive relief before the trustee sale of the Property.  Accordingly, pursuant to A.R.S. §33-811(C), the Court will grant the Defendants' motion to dismiss all but Plaintiff's wrongful foreclosure and forcible entry and detainer claims, which the Court will dismiss for different reasons.

The TAC is not a model of clarity, but Plaintiff seemingly attempts to allege a claim for wrongful foreclosure.  Although Arizona state courts have not yet recognized a cause of action for wrongful foreclosure, this Court has.  *See, e.g., Schrock v. Federal Nat'l Mortg. Assoc.*, 2011 WL 3348227 *6 (D. Ariz. August 3, 2011).  The Court has held that the tort of wrongful foreclosure is not waived by A.R.S. §33-811(C) because it is only ripe once a foreclosure sale has occurred.  *Id.*  To establish a claim for wrongful foreclosure, Plaintiff must prove that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default.  *See, e.g., Jada v. Wells Fargo Bank, N.A.*, 2011 WL 3267330 *3 (D. Ariz. July 29, 2011).

Plaintiff has never alleged that he was not in default on the Loan or that someone else caused his default.  Rather, his allegations center on Defendants not being the appropriate parties, for various reasons, to foreclose on the Property.  Because Plaintiff does not maintain that he was current on the Loan at the time of the trustee sale, he cannot state a claim for wrongful foreclosure.   The Court therefore grants Defendants' motion to dismiss the claim for wrongful disclosure.

Plaintiff makes several allegations regarding the impropriety of the forcible entry and detainer action in Mohave Superior Court.  But this Court cannot act as an appellate court over a state court proceeding.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  As the Ninth Circuit Court of Appeals explained in *Bianchi v. Ryaarsdam*:

> *Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are "inextricably intertwined" with the state court's decision such

1
2
3

> that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

4   334 F.3d 895, 898 (9th Cir. 2003).  This Court cannot interfere with the forcible entry and

5   detainer judgment entered by the Arizona state court.  All claims related to the forcible entry

6   and detainer judgment therefore necessarily fail as a matter of law, and the Court will dismiss

7   those claims.

8       At the end of his Response, Plaintiff seeks leave to amend the TAC.  Plaintiff did not

9   attach a proposed amended complaint to his Response as required by Local Rule of Civil

10  Procedure 15.1.  The Court denies the request to amend on this procedural basis.  The Court

11  also denies the request to amend because amendment would be futile.  "A district court does

12  not err in denying leave to amend where the amendment would be futile . . . or would be

13  subject to dismissal."  *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)(internal

14  citations omitted).

15      As outlined above, almost all of Plaintiff's claims were waived pursuant to A.R.S.

16  §33-811(C) when he failed to obtain injunctive relief before the trustee sale of the Property.[2]

17  Plaintiff cannot possibly cure this failure because the trustee sale already has taken place.

18  Nor can Plaintiff save his wrongful foreclosure claim because does not dispute that he

19  defaulted on the Loan.  Finally, Plaintiff cannot allege any more facts about the forcible entry

20  and detainer action that would help him because the Court cannot disturb the Arizona state

21  court's judgment.  Because a Fourth Amended Complaint would be futile here, the Court will

22  deny Plaintiff's request for leave to amend.

23      Accordingly,

24  ///

25  ///

26

27
28
        [2]Even if Plaintiff had not waived those claims, Defendants correctly point out that the Court previously has rejected Plaintiff's legal theories – the "show me the note" argument, the impermissible separation of the note and the deed, etc.

1        **IT IS ORDERED GRANTING** Defendants' Motion to Dismiss (Doc. 21).  This case

2  is dismissed in its entirety.

3        DATED this 20th day of January, 2012.

4

5

6                                    James A. Teilborg
                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28